IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARNELL WATKINS,                  :

    Petitioner,                  :

                                                CIVIL ACTION 08-0302-CG-M

v.                                :

                                 CRIMINAL ACTION 06-00147-CG-M

UNITED STATES OF AMERICA,         :

    Respondent.                  :

REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 47), Petitioner's Supplemental Motion to Vacate (Doc. 51), and Respondent's Response in Opposition to those Motions (Doc. 55). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 51) and Supplemental Motion to Vacate (Doc. 51) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Darnell Watkins.

Watkins was indicted on June 29, 2006 for, among other things, possession with intent to distribute crack cocaine in

violation of 21 U.S.C. § 841 (Doc. 1).  On October 16, 2006, Petitioner pled guilty to possession with intent to distribute crack cocaine (Doc. 29).  On May 18, 2007, Judge Granade sentenced Petitioner to twenty years on the conviction, ten years of supervised release following his release from prison, and an assessment of one hundred dollars (Doc. 39).  Watkins did not file a direct appeal of the conviction or sentence (Doc. 1, p. 3; see also Doc. 55, p. 3).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on June 2, 2008, and a Motion to Amend and Supplement on June 23, 2008, in which he raised the following claims:  (1) His sentence was improperly calculated, using crack cocaine instead of cocaine powder; (2) his sentence was improperly enhanced with a prior conviction that was not "final;" (3) his sentence was improperly enhanced through 21 U.S.C. § 851, which is unconstitutional; and (4) Petitioner's attorney rendered ineffective assistance in that he failed to do the following:  (a) argue that the substance was cocaine powder and not crack; (b) object to the calculation of the quantity of drugs; (c) argue that the prior conviction, used to enhance his sentence, was not "final;" (d) argue that his sentence was being unconstitutionally enhanced through the use of 21 U.S.C. § 851; and (e) argue against the enhancement of his sentence under 21

U.S.C. § 841(b)(1)(B) (Docs. 47, 51; *see also* Doc. 55, pp. 1-2).[1]
Respondent filed a Response on July 28, 2008 (Doc. 55).

Respondent has argued that Watkins's first three claims are barred from review because he waived them in his plea agreement (Doc. 55, pp. 10-12). The Eleventh Circuit Court of Appeals has held that "where it is clear from the plea agreement and the Rule 11 colloquy, or from some other part of the record, that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *see also United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993), *cert. denied*, 513 U.S. 1051 (1994). The "core concern" for the Court in this analysis is "the defendant's knowledge and understanding of the sentence waiver." *Bushert*, 997 F.2d at 1351.

Court documents show that Plaintiff entered into a Plea Agreement which was filed with the Court on October 13, 2006 (Doc. 27). There is a section in the Agreement entitled "Limited Waiver of Right to Appeal Sentence" which states as follows:

> 19. The defendant acknowledges that he/she is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. In exchange for the recommendations made by the United States in this Plea Agreement, the defendant knowingly and voluntarily waives the right to appeal any

---

[1] After reviewing Watkins's pleadings, the Court agrees with Respondent's assertions that Petitioner had actually raised eight claims within the six which he had set out (Doc. 55, p. 1 n.1).

> sentence imposed in this case.
> 20.  With the limited exceptions noted below, the defendant also waives his/her right to challenge any sentence so imposed, or the manner in which it was determined, in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255.
> 21.  The defendant reserves the right to contest in an appeal or post-conviction proceeding any of the following:
>    a.  Any punishment imposed in excess of the statutory maximum;
>    b.  Any punishment that constitutes an upward departure from the guideline range; or
>    c.  A claim of ineffective assistance of counsel.
> 22.  In addition, the defendant reserves the right to petition the Court for resentencing pursuant to 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the defendant's sentence.

(Doc. 27, p. 10).  In the guilty plea hearing, Watkins appeared before Judge Granade, which took place on October 16, 2006, and stated that he was not "currently under the influence of any drug, medication, or alcoholic beverage of any kind" (Doc. 53, p. 3).  Petitioner was fully satisfied with the counsel of his attorney, who was appearing with him in Court at that time (*id.* at p. 4).  Watson stated that he had had the opportunity to discuss the plea agreement with his attorney, he understood the terms therein, and further understood that those terms were merely a recommendation to the Court (*id.* at pp. 4-5); he further stated that he was "pleading guilty of [his] own free will because [he] was guilty" (*id.* at p. 5).  In addition, the

4

following exchange took place between Judge Granade and Watkins:

> THE COURT:  Do you also understand that under some circumstances you or the government may have the right to appeal any sentence that I impose; however, your plea agreement contains a limited waiver of the right to appeal the sentence itself and in your case you have reserved the right to appeal only if punishment is imposed in excess of the statutory maximum, if punishment is imposed that constitutes an upward departure from the guideline range, or if you have a claim of ineffective assistance of counsel.
> Do you understand that you've waived your right to appeal the sentence in all but those three circumstances --
>
> THE DEFENDANT:  Yes.
>
> THE COURT:   -- retained in your plea agreement?
>
> THE DEFENDANT:  Yes, I do.

(Doc. 53, p. 9).  The Court notes that "[t]here is a strong presumption that the statements made during the [plea] colloquy are true."  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.), *cert. denied*, 513 U.S. 864 (1994).  "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."  *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

The Court finds that Watkins entered into his Plea Agreement both knowingly and voluntarily.  The Court notes that Plaintiff has made no argument otherwise (*see* Docs. 47, 51).  The Court finds that Watkins waived the first three claims raised in

5

this action in his Plea Agreement under the law of *Bushert*. Therefore, the Court will not address the merit of those claims.[2]

Petitioner next claims that his trial attorney rendered ineffective assistance of counsel, raising five particular transgressions. Respondent has argued that Watkins is attempting to re-cast his sentencing claims as ineffective assistance of counsel claims (Doc. 55, pp. 11-12).

The Eleventh Circuit Court of Appeals, in *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied*, 546 U.S. 902 (2005), held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." As noted by the *Williams* Court, a decision otherwise would render the waiver meaningless. *Williams*, 396 F.3d at 1342.

The Court has compared Petitioner's first three claims–all which deal with sentencing–with the particularized assertions brought under Watkins' ineffective assistance of counsel claim and finds that he has simply dressed up his sentencing claims as ineffective assistance of counsel claims. The Court has already

---

[2]The Court notes that Respondent has also argued that these three claims are procedurally defaulted as they were not raised on direct appeal (Doc. 55, pp. 8-10). As the Court has found that Watkins waived the right to bring these claims in this action, the Court will not address Respondent's argument concerning procedural default.

found that Petitioner entered into his Plea Agreement knowingly and voluntarily; in that Agreement, Watkins specifically waived his right to challenge the sentence, except under certain circumstances (which have not arisen).  Petitioner's attempt to disguise his sentencing claims as ineffective assistance of counsel claims are clearly forbidden by *Williams*.  The Court finds that the ineffective assistance of counsel claim is waived under *Williams*.

Watkins has raised four claims in this petition.  Petitioner has waived the right to bring any of these claims.  Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Darnell Watkins.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing

7

      a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

      A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      DONE this 22nd day of August, 2008.

                                         s/BERT W. MILLING, JR.
                                         UNITED STATES MAGISTRATE JUDGE